| **Fill in this information to identify your case:** | | | |
|---|---|---|---|
| Debtor 1 | Hunter Alston Smallwood | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the District of South Carolina | | | |
| Case Number (if known) | | | |

[ ] Check if this is a modified plan, and list below the sections of the plan that have been changed.

[ ] Pre-confirmation modification

[ ] Post-confirmation modification

## District of South Carolina
## Chapter 13 Plan                                                    07/24

### Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation.  **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.**  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | [ ] **Included** | [X] **Not included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | [ ] **Included** | [X] **Not included** |
| 1.3 | **Nonstandard provisions, set out in Part 8** | [ ] **Included** | [X] **Not included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | [ ] **Included** | [X] **Not included** |

Debtor(s): Hunter Alston Smallwood                                              Case Number _____

## Part 2:  Plan Payments and Length of Plan

**2.1**  The debtor will pay the trustee as follows:

$ <u>160.00</u> per month       for       <u>36</u>       months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

[ ]   The debtor will make payments pursuant to a payroll deduction order.
[X]   The debtor will make payments directly to the trustee.
[ ]   Other (specify method of payment):_____.

**2.3  Income tax refunds.** *Check one.*

[X]   The debtor will retain any income tax refunds received during the plan term.
[ ]   The debtor will treat income tax refunds as follows: _____

**2.4  Additional payments.** *Check one.*

[X]   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor should continue sending directly to the debtor standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.** *Check all that apply. Only relevant sections need to be reproduced.*

[X]   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2  Request for valuation of security and modification of undersecured claims.** *Check one.*

[X]   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.** *Check one.*

[X]   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.** *Check one.*

[X]   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.** *Check one.*

[ ]   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X]   The debtor elects to surrender the collateral that secures the claim of the creditor listed below. A copy of this plan must be served on all co-debtors. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

Debtor(s): Hunter Alston Smallwood                                                                                   Case Number _____

| Name of Creditor | Collateral |
|---|---|
| Freedom Road Financial | Can-Am 4-Wheeler |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with either the Judge's guidelines or SC LBR 2016-1(b), as applicable, to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $n/a and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $n/a or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

[ ]  **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to n/a (name of DSO recipient), at the rate of $n/a or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed*.
b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

[X]  **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced*.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

[X]  The debtor estimates payments of less than 100% of claims.
[ ]  The debtor proposes payment of 100% of claims.
[ ]  The debtor proposes payment of 100% of claims plus interest at the rate of n/a%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

[X]  **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced*.

Debtor(s): Hunter Alston Smallwood                                                                                            Case Number _____

**5.3  Other separately classified nonsecured claims.** *Check one.*

[X]  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

[ ]  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

[X]  **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule.  Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| PayTomorrow LLC | lease agreement for tires | $152.58 | $0 | $0 |

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**

[X]  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

[ ]  **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

[X]  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor must sign below.*

X  /s/ Hunter Alston Smallwood
Signature of Debtor 1
Executed on   05/15/2025
                    MM / DD / YYYY

X  /s/ Mark K. Ingram                          11501                       Date  05/15/2025
MARK K. INGRAM                                                                       MM / DD / YYYY
Signature of Attorney for the Debtor(s)        DCID No.

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Hunter Alston Smallwood,

                         Debtor(s).

Address:   3421 Oakland Drive
                 Darlington, SC 29540

Last four digits of Social-Security or Individual Tax-Payer-Identification No(s).: __4000__

CASE NO.: _____
CHAPTER 13

## CERTIFICATE OF SERVICE

I, Mark K. Ingram, attorney for the above-referenced debtor(s), hereby certify that a copy of the document(s) listed below was served, by depositing said copies in the United States Mail with sufficient first class postage affixed thereto, on the date shown below and addressed to the parties as shown below.

DESCRIPTION OF DOCUMENTS MAILED:
Chapter 13 Plan

DATE OF MAILING:
May 15, 2025

NAME AND ADDRESS OF CREDITOR:

Academy Sports + Outdoors Credit Card
c/o Comenity Capital Bank
P.O. Box 650967
Dallas TX 75265-0967

Bread Financial
3095 Loyalty Circle
Columbus OH 43219

Darlington County Tax Collector
1 Public Square, Room 207
Darlington SC 29532

Freedom Road Financial
P.O. Box 4597
Hinsdale IL 60522-4597

PayTomorrow LLC
9920 Kincey Ave #190
Huntersville NC 28078

S.C. D.E.W. Document Control-Bankruptcy
P.O. Box 995
Columbia SC 29202-0995

S.C. Department of Revenue
Office of General Counsel
300A Outlet Pointe Boulevard
Columbia SC 29210

South State Bank
PO Box 118068
Charleston SC 29423

| | |
|---|---|
| SPC Credit Union | Zales / Comenity |
| P.O. Box 1355 | ATTN: Bankruptcy Dep't |
| Hartsville SC 29550 | P. O. Box 183043 |
| | Columbus OH 43218-3043 |

All other necessary parties, including the Trustee, were served electronically.

---

| | |
|---|---|
| May 15, 2025 | /s/ Mark K. Ingram |
| | MARK K. INGRAM |
| Cheraw, South Carolina | DISTRICT COURT I.D. NUMBER 11501 |
| | Ingram Law Firm ▪ 217 Second Street |
| | Cheraw, South Carolina 29520 |
| | (843) 537-6565 ▪ (843) 537-0770 (fax) |
| | mark@cherawlaw.com |
| | SOUTH CAROLINA BAR NUMBER 100650 |